Grant H. Goodman
3104 E. Camelback Road, Suite 563
Phoenix AZ 85016
Phone: (602) 999-9789
granthgoodman@msn.com

*Pro se*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA (PHX)

| | |
|---|---|
| **STATE BAR OF ARIZONA**<br><br>Plaintiff,<br><br>vs.<br><br>**GRANT H. GOODMAN**<br><br>Defendant | **NOTICE OF REMOVAL**<br><br>Re: Superior Court Complaint<br>*State Bar of Arizona v. Goodman*<br>In and for Maricopa County<br>Case No. CV2016-016709<br><br>(Federal) JURY TRIAL DEMANDED<br><br>CV-17-00364-PHX-DJH |

- 1 -

## NOTICE OF REMOVAL

TO: THE CLERK OF THE COURT

TO: PLAINTIFF THROUGH ITS COUNSEL OF RECORD

**NOTICE** that, for the reasons set forth below, defendant Goodman, *pro se*, removes the above-captioned action from the Superior Court of the State of Arizona in and for Maricopa County to the United States District Court for Arizona (Phoenix Div.). This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441(a)(c)(1)(A), Fed.R.Civ.P. 81(a)(2)(b)(c)2(C)(3)(B), and, LRCiv 3.6. In support of the removal of this action, Goodman states as follows:

1. On or about November 4, 2016, plaintiff State Bar of Arizona ('State Bar') filed this lawsuit in the Maricopa County Superior Court of the State of Arizona, Case No. CV2016-016709 (See plaintiff's state court complaint (the "Complaint") attached to this Notice as **Exhibit A)**. The complaint seeks to void self-representation, in any context, or through an absolute assignment by claiming that a written, signed (twice), dated, and absolute unequivocal assignment of all 'right, title, and interest' is, without more, a 'subterfuge' and thus, 'the unauthorized practice of law'. The living embodiment of the 'unauthorized practice' of law can be found at ¶¶ 8-12.

2. This Notice of Removal is timely filed. Under the Waiver of Service Acceptance and stipulated Answer date of February 15, 2017, initial disclosures by the State Bar of January 16, 2017, and the discovery as of last Friday that the State Bar had

retained, again, the Presiding Civil Judge to ramrod the file,[1] this Notice is therefore timely under 28 U.S.C. § 1446. This Notice shall also serve as Defendant's '30-day' Motion/Independent Action filing extension to February 15, 2017, as agreed to by the State Bar under *Fed.R.Civ.P.* 60 and *Ariz.R.Civ.P.* 60.[2]

3. Venue is proper under 28 U.S.C. § 1441(a).

4. Pursuant to 28 U.S.C. § 1446(d), notice will promptly be provided as a Notice of Removal to the Maricopa County Superior Court and Plaintiff.

5. A true and correct copy of this Notice of Removal is being served on plaintiff through counsel, pursuant to 28 U.S.C. § 1446(d).

6. Pursuant to 28 U.S.C. § 1446(a) and the verification of Goodman, attached as **Exhibit B,** is a copy of all pleadings and documents filed in the state court lawsuit

---

[1] See, "other papers" considered for removal purposes. *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 693–94 (9th Cir.2005) (defendant does not have a duty of inquiry if the initial pleading or other document is "indeterminate" with respect to removability). See also, *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

[2] "Rule 6(b) provides: "(2) *Exceptions.* A court may extend the time to act under Rules … and *60(c)* as those rules allow, … if: (A) the moving party *files the motion within 30 days* after the specified time to act expires under these rules …;". **Rule 60(c)(d)(1)(3)** will be employed in the *Answer, Countersuit*, and *Third-Party Complaint*…I need a stipulation or some recognition from your offices that the *Answer/Countersuit, et al.* is **not due until February 14, 2017, or within 30 days' post-answer due on January 16, 2017 under Rule 60(c)(d)(1)(3).** … "*We will agree to an extension until February 15, 2017, to file your answer."—Jim Lee, January 9, 2017.* (See also, *Fed.R.Civ.P.* 60(d)(1)(2)(3) and 6(b)(1)(A)).

- 3 -

and all other process served upon or stipulated to in the state court lawsuit (other than plaintiff's Complaint, which is attached as **Exhibit A**).

7. By removing this lawsuit, Defendant does not waive any defenses, objections, or motions available to it under state and federal law.

8. Plaintiff's 'suit' is primarily a compilation of federal documents amassed from other unrelated Arizona Federal District Court (PHX) litigation spanning 2014-2016, containing a couple of thousand pages of *pro se* Goodman filings under an absolute assignment, involving Goodman as Assignee in the same Absolute Assignment targeted for contractual elimination here. The Federal Judges, including a former Arizona Supreme Court Justice, never reported, nor complained of, Goodman's *pro se* absolute assignment, nor were complaints lodged as to the efficacy of the filings, the legal or factual content, or the issues litigated.

9. The State Bar fails to refer to any semblance of Arizona authority eliminating the right of contract, the right of assignment, the right of self-representation, or its patent and intentional violations of the First, Fifth, Seventh, and Fourteenth Amendments pertaining to Goodman.

10. State Bar conduct has resulted in a 'referral' to its own self-directed private judge, by intentionally gaming the random electronic selection process. 'Presiding Civil Judge', Randall Warner, did engage in extra-judicial electronic tampering with the Maricopa County Superior Court Electronic Data Management System, to

'decide' this case. Electronic data tampering, by a sitting judge, or anybody else for that matter on a judge's behalf, is a breach of the *Computer Fraud & Abuse Act*, is a conspiracy by and for the State Bar, in concert with private actors, while the State Bar voids the Contracts Clause under U.S. Const. art. 1 § 10. Electronic wire tampering is actionable under 18 U.S.C. §§ 1962-1965, *et seq.* and mandates federal (prospective) injunctive relief under Fed.R.Civ.P. 65 and 28 U.S.C. §§ 2201 *et. seq...* The electronic manipulation of *AZTurboCourt, used for random electronic assignment,* is discussed below.[3] The facts show that there is, and never has been, a State Bar unauthorized right to a particular judge or jurist in breach of random electronic assignment provisions of The Arizona Code of Judicial Administration and the Arizona Rules of Procedure. (17C A.R.S. Super. Ct. Local Prac.Rules,

---

[3] *TurboCourt* wires transgress all states and servers, and for Arizona, usually interstate through California. By Arizona Supreme Court Rule, all attorneys, judges, and staff for each—must use the *TurboCourt* electronic official record for filing and official entry, date and time stamped. There are no handwritten markings interfering with the official record typed date and time stamp. This process is normally completed within a couple of hours from initial filing. *TurboCourt* personnel do not enter date and time stamped official records from Friday afternoon, through the weekend, until Monday morning. All court orders, 'random electronic assignments', minute entries, and rulings are electronically controlled with *TurboCourt*—All computers or servers interacting with *TurboCourt* leave digital fingerprints upon access—upon typing or 'clicking' on the *TurboCourt* interface, reflect the time and dates of interaction—all preserved on Plaintiffs, Defendants, and Court computers and server architecture. *TurboCourt* likewise cashes electronic information. Court entries, electronic assignments, minute entries, orders, and rulings—when filed and entered through *TurboCourt*, are required.

Maricopa County, Rule 3.1)[4] …. "As I stated in my previous email message, I am unfamiliar with the manner in which cases, including unauthorized practice of law cases, are assigned in the Maricopa County Superior Court."—Jim Lee, 2.3.2017.

11. The State Bar, at pages 575-585 of its initial disclosures of January 16, 2017, filed a partial Goodman *Ariz.Sup.Ct.R.* 123 Records Request for CV2013-015096, requesting document records on certain backdated orders and back-dated orders untimely 'inserted' into the record on a Sunday; *and* for record production in Administrative 'Order' No. 2014-029, ('Vexatious Litigant') order, specifically served upon current Presiding Civil Judge Randall Warner, and then Presiding Civil Judge Norman Davis. Like here, Randall Warner was 'referred' judicial oversight of the alleged backdating, forgery, and electronic record tampering, concluding on February 10, 2014, that pursuant to his 'record review of official evidence', which, according to Warner, supported his 'finding' of no judicial electronic record wire tampering. Warner, when served with the Records Request on or about December 29, 2014 (Ex. C) couldn't produce any 'evidence' 'reviewed', couldn't produce a single document, 'reviewed' or not, refused to provide a simple electronic log or

---

[4] b. All cases filed with the Clerk of the Superior Court shall be assigned a case number and shall be assigned by the Clerk of the Superior Court or the Court Administrator to a civil trial calendar which will thereafter process the case to conclusion unless the case is otherwise **assigned by the Presiding Judge** (to himself?) or unless the case is before a court commissioner pursuant to Rule 96, Rules of the Supreme Court. The assignment of cases may be done by automated means or by a formula approved by the Supreme Court, and **shall be done in a manner so as to be unpredictable and provide an equal distribution of cases among the trial divisions.** …

electronically maintained record, and intentionally refused to respond to a legitimate Public Records Request specifically designated under the Arizona Code of Judicial Administration. As a matter of fact, Warner, then and now, received gamed 'referrals' in support of the intended judicial outcomes—without providing evidence, without providing notice, and, without process, Due or otherwise. (See pages 7-9—Ex. C).

12. Norman Davis, as Randall Warner well knows with respect to the 'Vexatious Litigant' Order, couldn't produce a 'file', 'any electronic or hard-copy transmissions', and could not produce a 'Notice' of the proceedings, filed, served (or not), couldn't provide a document, notice or otherwise, of the 'date, time, location and parties to be present at the administrative proceeding.', and Judge Davis didn't have access to 'the date, time, and location for an 'opportunity' to be heard in writing, or orally, in a judicial proceeding—judicial in character—filed and served as a matter of official record'. Judge Davis (ret. 2015) could not provide an official record or substantive evidence which formed the basis for the nature of the complaints, and how the issues were substantially identical to prior issues and litigation. The Record Request required Davis to identify any document, filing, sentence, word or phrase written or uttered by Goodman from 2004 through 2014 which were found to be 'vexing', 'harassing', 'oppressive', and 'without basis and merit' and which formed the evidentiary substance for the Order---the Judge could

not produce a document, page, electronic filing, a record, or a writing in support of his Order. Davis as with Warner could produce nothing demonstrating compliance with the Arizona Code of Judicial Administration, the Judicial Conduct Code, the Arizona Rules of Civil Procedure (or the local rules). There is no rational manner in which 'justice' can be had in the state court system on these particular issues. (Ex. C 9-10).

11. The State Bar, by intentionally gaming the system of justice to install its judge of choice, with the judge's express coordination and agreement, has engaged in, and continues to engage in, criminal (and civilly actionable) conduct under RICO (federal), and has preemptively waived contest to the Removal Action.

12. There is no Arizona authority eliminating the right to contract into an absolute assignment under Ninth Circuit or U.S. Supreme Court authority, the State Bar cannot, with an *ex post facto* gambit, dissolve the Contract Clause, nor can the State Bar retroactively void an absolute assignment, signed, dated, (twice), assigning 'all right, title, and interest' in the claims and litigation as framed, nor does the State Bar have any Arizona authority voiding Ninth Circuit and U.S. Supreme Court authority under the 1st, 5th, 7th, and 14th Amendments.

13. This Court has (had) original jurisdiction over this civil action under 28 U.S.C. § 1331 and is removable under 28 U.S.C. 1441(a).

WHEREFORE, pursuant 28 U.S.C. §§ 1441(a)(c)(1)(A), Fed.R.Civ.P. 81(a)(2)(b)(c)2(C)(3)(B), LRCiv 3.6, Goodman hereby removes this lawsuit from the Superior Court of the State of Arizona, Maricopa County, to the United States District Court for Arizona.

Dated this 3rd day of February, 2017.  /s/ Grant H. Goodman 2.3.2017

## VERIFICATION

The undersigned verifies that the pleadings and other documents attached as **Exhibits A, B, and C** are true and complete copies of the pleadings and documents in the state court proceeding. I declare under penalty of perjury that the foregoing is true and correct. Executed in Phoenix, AZ, this 3rd day of February, 2017.

*s/ Grant H. Goodman 2.3.2017*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on the 3rd day of February, 2017, on counsel of record for plaintiff as stated below in the manner indicated:

Clerk of the Federal District Court for Arizona (PHX)

Clerk of the Maricopa County Superior Court

Hon. Randall Warner, Civil Presiding Judge
101 W. Jefferson ECB 512
Phoenix, AZ  85003-2243

James D. Lee, Bar No. 011586
Senior Bar Counsel
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266
Telephone: (602) 340-7272
Email: LRO@staff.azbar.org

Attorneys/Judge(s) for plaintiffs
[x] Via Hand Delivery *and*
[x] Via Email

Clerk's Office(s)
[x] Via Hand-Delivery

DATED: 3.3.2017 *s/ Grant H. Goodman*

Dated this 3rd of February, 2017.

/s/ Grant H. Goodman

Grant H. Goodman, *pro se*
3104 E. Camelback Road, Suite 563
Phoenix AZ 85016
Phone: (602) 999-9789
granthgoodman@msn.com